IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:10-CV-528

KENNETH H. TATE                         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
MAIL CONTRACTORS OF AMERICA,            )
INC., DEE TODD AND LEWIS                )
PETERSON                                )
            Defendants.                 )
_____)

THIS MATTER is before the Court on Defendants' Motion to Dismiss [D.I. 7], Plaintiff's Response [D.I. 9], Defendants' Reply [D.I. 10] and Plaintiff's Surreply [D.I. 11]. For the reasons laid out below, the Defendants' Motion is **GRANTED**.

**I. Background**

Plaintiff filed his Complaint with this Court on October 21, 2010, alleging violations of Title VII of the Civil Rights Act of 1964, as amended. [D.I. 1]. In his Complaint, Plaintiff listed Mail Contractors of America, Inc. ("MCA"), Dee Todd and Lewis Peterson as Defendants. Plaintiff has been employed by Defendant MCA since August 28, 2000. There is no indication in the record that Plaintiff is no longer employed at MCA. In the Complaint, Plaintiff asserts (in various places throughout the document) four different causes of action: (1) that Defendants racially discriminated against him by forcing him to return to an alleged accident scene, of which he claims he had no knowledge, and for which he received a citation for failure to maintain his lane; (2) that MCA violated the Equal Pay Act ("EPA") by reducing his hours, changing his route and upping his driving

1

time; (3) that MCA retaliated against the Plaintiff for complaining of unfair employment practices; and (4) that MCA retaliated against the Plaintiff for attempting to form a union.[1]

Most of the Plaintiff's claims appear to be based upon an alleged accident that occurred on April 30, 2009. Plaintiff claims that on that date he was stopped by a motorist who informed Plaintiff that the Plaintiff caused an accident. Plaintiff asserts he called the MCA terminal manager, Defendant Dee Todd, and explained the situation to her. Plaintiff claims a police officer informed him he must return to the scene of the accident, and Dee Todd told him he had no choice but to go. Plaintiff returned to the scene and a police officer issued him a failure to maintain his lane citation. Plaintiff claims Dee Todd's actions violated Title VII. As to his equal pay claim, Plaintiff asserts that Defendant Lewis Peterson told Plaintiff in October of 2009 that MCA had changed the process by which drivers bid on their routes and that Plaintiff would no longer be entitled to his usual route. Plaintiff contends that as a result, he received reduced compensation and an increased driving time. Plaintiff puts forth no facts to support his unfair employment practices claim. In support of his claim that MCA retaliated against him for attempting to form a union, Plaintiff attached to his Response a Confidential Witness Affidavit that he allegedly gave to a National Labor Relations Board ("NLRB") agent in on December 10, 2008 (the affidavit is signed by neither Mr. Tate or an NLBR agent). [D.I. 9]. In his affidavit, the Plaintiff asserted that he had been questioned on numerous occasions by MCA staff about his interest in a union.

Plaintiff filed suit in this Court on October 21, 2010. Plaintiff returned an executed summons for Defendant MCA on December 14, 2010. [D.I. 3]. Plaintiff never returned an executed summons

---

[1] In the Plaintiff's Surreply, he discusses negligence and breach of contract claims that were not in his complaint. As the Plaintiff had not raised these claims either in his complaint or in his initial Response, thus giving notice to Defendants, and because surreplies are disfavored in this district, the Court does not address those claims in this Motion to Dismiss analysis. See Crosby v. City of Gastonia, 2009 WL 3336044 at *1 (M.D.N.C. 2007). Even if the Court did consider the claims in Plaintiff's Surreply, there is no factual evidence in the record to support them.

for Defendants Dee Todd or Lewis Peterson. Defendants filed their Motion to Dismiss on January 31, 2011, arguing that the Court lacked subject matter jurisdiction over the action under Federal Rule of Civil Procedure 12(b)(1), that the Plaintiff failed to state a claim upon which relief can be granted under Federal Rule 12(b)(6), and insufficiency of process and service of process under Federal Rules 12(b)(4) and 12(b)(5). Defendants asserted that Plaintiff failed to exhaust his administrative remedies as to his Title VII claims and that Plaintiff failed to allege the essential elements of a Title VII claim, EPA claim and retaliation claim.

## II. Legal Standard

### A. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides grounds for dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In deciding motions to dismiss under Rule 12(b)(1), courts are to "apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. The party moving for dismissal under Rule 12(b)(1) will prevail if the jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id.

### B. Rule 12(b)(6) Standard

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993) (citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990)). "[A] motion

to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (en banc) (citations omitted). In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). "A complaint should not be dismissed for failure to state a claim . . . unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). When examining a *pro se* plaintiff's pleadings, the Court must thoroughly explore the plaintiff's factual allegations to see if they can provide a basis for relief. Garrett v. Elko, 120 F.3d 261, *1 (4th Cir. 1997)(per curiam). In the context of a motion to dismiss a *pro se* complaint, "it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Id.

**C. Rule 12(b)(4) and (b)(5) Standards**

Federal Rule 12(b)(4)-(5) govern motions to dismiss for insufficient process and insufficient service of process. "The plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996).

**III. Analysis**

    **A. Lack of Subject Matter Jurisdiction as to Plaintiff's Title VII Claims**

Defendants argue this Court lacks subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust his administrative remedies for his Title VII claim. A plaintiff must exhaust the administrative remedies enumerated in 42 U.S.C. § 2000e-5 before a federal court has jurisdiction over the matter. <u>Davis v. North Carolina Dept. of Correction</u>, 48 F.3d 134, 137 (4th Cir. 1995). The Defendants argue that the Plaintiff's EEOC claim did not address the April 30, 2009 accident and that, even if the claim did address the April 30, 2009 accident, it was not timely filed under 42 U.S.C. § 2000e-5(e)(1) (requiring claims to be filed within 180 days of the alleged unlawful employment practice). Though Plaintiff does not allege many facts other than those related to the alleged April 30, 2009 accident, the Plaintiff's complaint alleges discrimination from April 30, 2009 to October 2009. Plaintiff filed his EEOC claim on November 10, 2009. Due to Plaintiff's *pro se* status and his alleged time period of discrimination, the Court finds the more appropriate analysis of Plaintiff's claims to be under Rule 12(b)(6) rather than 12(b)(1).

    **B. Failure to State a Claim of Racial Discrimination**

For a plaintiff to succeed on a racial discrimination claim under Title VII, absent direct evidence, the plaintiff must demonstrate: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." <u>Coleman v. Maryland Court of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010). As Defendants point out, even a liberal reading of the Plaintiff's complaint does not give rise to an inference of racial discrimination. <u>See</u> Defendants' Motion for Summary Judgment at 8.

There is no reference to racial discrimination throughout Plaintiff's description of the April 30, 2009 accident and no evidence that Defendant Dee Todd's alleged advice to Plaintiff to return to the scene was in any way racially motivated. Mindful that the Court should review the entirety of a pro se plaintiff's record for evidence to support Plaintiff's claims, the Court has examined all of Mr. Tate's filings. The first reference to racial discrimination in the Plaintiff's record is an attachment to Plaintiff's Response to Defendants' Motion to Dismiss. [D.I. 9]. Mr. Tate wrote out a statement alleging that he had been called certain racially discriminatory names at work. In the Plaintiff's Surreply, he attaches a letter from Christina McBride, Human Resources Specialist at Defendant MCA, dated June 6, 2007. [D.I. 11]. Though the two documents do not reference each other, the Court presumes they are related because of the similarity of the allegations and corresponding dates. The letter states MCA undertook and concluded an investigation into the Plaintiff's claim of a hostile work environment and found no evidence to support that claim, but did issue a reminder to all parties that MCA has a policy against harassment and inappropriate language. Plaintiff's Surreply at 12. There is no evidence in the record that Plaintiff filed an EEOC claim related to those claims referenced in his statement, though it does appear he called the EEOC to gather information about filing a claim. See Plaintiff's Response at 10. Plaintiff does not appear to have exhausted his administrative remedies related to the events alleged in May of 2007; thus, these claims will not be considered.

The Plaintiff attached his actual EEOC Charge of Discrimination to his Surreply. Plaintiff's Surreply at 11. Plaintiff's Charge of Discrimination varies significantly from his Complaint. In his Charge of Discrimination, Plaintiff alleges racial discrimination because his driving route, hourly wage and driving time were changed. In his Surreply, Plaintiff attaches MCA's response to his EEOC allegations. In their response, MCA lays out the reasoning behind the change in the Plaintiff's

route based on cancellations, terminations or reductions in service. Plaintiff's Surreply at 18. Plaintiff has not established any facts that lend credence to his racial discrimination claim as to the bidding procedures. He has not established that he performed his job in a satisfactory manner or that he was treated differently from similarly situated employees. Plaintiff fails to state a claim of racial discrimination, and these claims are properly dismissed under Rule 12(b)(6).

### C. Failure to State a Claim under the Equal Pay Act

To establish a cause of action under the Equal Pay Act ("EPA"), a plaintiff must show "the skill, effort and responsibility required in [his or] her job performance are equal to those of a higher-paid [] employee" of the opposite sex. Wheatley v. Wicomico Co., Maryland, 390 F.3d 328, 332 (4th Cir. 2004). Plaintiff has failed to demonstrate any of these essential elements in his Complaint or the record. There are no facts in the record to support such an allegation and thus Plaintiff's EPA claims are properly dismissed under Rule 12(b)(6).

### D. Lack of Subject Matter Jurisdiction for Retaliation for Attempting to Form a Union

In San Diego Building Trades Council v. Garmon, the Supreme Court held that "when an activity is arguably subject to §7 or §8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board. . . ." 359 U.S. 236, 244-45 (1959); see also Lontz v. Tharp, 413 F.3d 435 (4th Cir. 2005). The Plaintiff's claim that he was retaliated against for attempting to form a union clearly falls within §7 of the Act, which gives employees "the right to self-organization, to form, join, or assist labor organizations . . ." and within §8 of the Act, which states it is an unfair labor practice "for an employer to (1) interfere with, restrain or coerce employees in the exercise of rights guaranteed in section 157." 29 U.S.C. §§ 157-158. Defendants argue Plaintiff failed to exhaust his administrative remedies before the NLRB before filing suit. The Court agrees. Generally, a party may not petition

7

the district court until all prescribed administrative remedies have been exhausted. Ashley v. Nat'l Labor Relations Bd., 454 F.Supp. 2d 441, 447 (M.D.N.C. 2006). The NLRB has initial jurisdiction over these claims, and there is no evidence in the record that the Plaintiff ever filed a claim with the NLRB. The only evidence in the record is an affidavit presumably given to an NLRB Board Agent, which is not signed by an agent or by the Plaintiff. There is no evidence of an NLRB claim or investigation. As a result, the Court finds it appropriate to dismiss the Plaintiff's retaliation claims for lack of subject matter jurisdiction. Even if this Court did have subject matter jurisdiction over the claims, there is scant factual evidence in the record to support such a claim.

### E. Failure to State a Claim for Retaliation for Complaining of Unfair Employment Practices

To succeed on a Title VII retaliation claim, a plaintiff must demonstrate: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Plaintiff does not discuss any specific unfair employment practices besides those analyzed above and puts forth no facts in the record in support of such a claim; therefore Plaintiff's claim of unfair employment practices is properly dismissed under Rule 12(b)(6).

### F. Failure to Properly Serve Defendants Todd and Peterson

As the Court acknowledged in its Order denying Plaintiff's Motion for Default Judgment [D.I. 16], Defendants Todd and Peterson were never properly served. As a result, a default judgment against them was inappropriate. As Defendants Todd and Peterson have appeared in this action and are represented by counsel, the Court finds it more appropriate to assess the claims against them under a Title VII analysis rather than dismissing the claims for failure to properly serve.

As Defendants correctly assert, a defendant is liable for discrimination under both Title VII and the EPA only if the defendant is an "employer" within the meaning of 42 U.S.C. §§ 2000e-2(a), 2000e(b); 29 U.S.C. § 206(d)(1). The law requires an "employment relationship" between the parties. Bender v. Suburban Hospital, Inc., 159 F.3d 186, 189 (4th Cir. 1998). Various factors influence whether there is an employment relationship, but "the critical question is the 'degree of control exercised by the hiring party' over 'the work and its instrumentalities and circumstances.'" Id. (quoting Cilecek v. Inova Health Sys. Servs., 115 F.3d 256, 260 (4th Cir. 1997). There is no indication in the record that there was ever an employee-employer relationship between Defendants Todd and Peterson and Plaintiff, or that they exercised any discretion in hiring, promotion, demotion, the Plaintiff's routes or pay schedules, or control over him. As a result, the claims against the Defendants Todd and Peterson are properly dismissed under Rule 12(b)(6).

For the foregoing reasons, the Defendants' Motion to Dismiss is hereby **GRANTED**.

Signed: April 12, 2011

Graham C. Mullen
United States District Judge